UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LAMAR HARVEY,<br><br>                           Plaintiff,<br><br>          -against-<br><br>CREEDMOOR PSYCHIATRIC CENTER;<br>OFFICE OF MENTAL HEALTH,<br><br>                           Defendants. | 21-CV-10633 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently a patient in the Creedmoor Psychiatric Center in Queens Village, New York, brings this *pro se* action alleging that Defendants have violated his rights. Named as Defendants are Creedmoor Psychiatric Center and the New York State Office of Mental Health (OMH). For the following reasons, this action is transferred to the United States District Court for the Eastern District of New York.

## DISCUSSION

      Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the district where the person is domiciled and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff filed this complaint regarding events occurring at Creedmoor Psychiatric Center, located in Queens County, New York, which falls within the Eastern District of New York. Plaintiff provides a Queens County address for Defendant Creedmoor Psychiatric Center and an Albany County, New York, address for Defendant OMH. Because OMH can be considered to reside in this District, as well as in the Eastern District of New York venue is proper in both this District and the Eastern District under Section 1391(b)(1).

Even though venue is proper here, however, the Court may transfer claims "[f]or the convenience of the parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006). Moreover, courts may transfer cases on their own initiative. *See Bank of Am., N.A. v. Wilmington Trust FSB*, 943 F. Supp. 2d 417, 426-427 (S.D.N.Y. 2013) ("Courts have an independent institutional concern to see to it that the burdens of litigation that is unrelated to the forum that a party chooses are not imposed unreasonably on jurors and judges who have enough to do in determining cases that are appropriately before them. The power of district courts to transfer cases under Section 1404(a) *sua sponte* therefore is well established." (quoting *Cento v. Pearl Arts & Craft Supply Inc.*, No. 03-CV-2424, 2003 WL 1960595, at *1 (S.D.N.Y. Apr. 24, 2003))); *see also Lead Indus. Ass'n. Inc. v. OSHA.*, 610 F.2d 70, 79 (2d Cir. 1979) (noting that "broad language of 28 U.S.C. § 1404(a) would seem to permit a court to order transfer *sua sponte*").

In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the

location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Under Section 1404(a), transfer appears to be appropriate in this case. Plaintiff alleges that he was denied access to a law library by Creedmoor Psychiatric Center staff while he was a patient at Creedmoor Psychiatric Center. The underlying events occurred in Queens Village, where witnesses and relevant documents are likely located. Queens Village is located in Queens County, which falls within the Eastern District of New York. *See* 28 U.S.C. § 112(c). Venue is therefore proper in the Eastern District of New York. *See* 28 U.S.C. § 1391(b). Based on the totality of the circumstances, the Court concludes that it is in the interest of justice to transfer this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes this case.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   December 14, 2021
         New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                 Chief United States District Judge