UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x
LAMAR HARVEY,

                Plaintiff,

    - against -

CREEDMOOR PSYCHIATRIC CENTER and
OFFICE OF MENTAL HEALTH,

                Defendants.
---------------------------------------------------------x

**MEMORANDUM & ORDER**
21-CV-7031 (PKC) (LB)

PAMELA K. CHEN, United States District Judge:

On December 10, 2021, Plaintiff Lamar Harvey, currently detained at Creedmoor Psychiatric Center ("Creedmoor") in Queens, New York, filed this *pro se* action in the District Court for the Southern District of New York against Creedmoor and the Office of Mental Health, an agency of New York State ("Defendants"). (Complaint ("Compl."), Dkt. 2.) The action was transferred to this Court on December 21, 2021. (Transfer Order, Dkt. 3.) The Court grants Plaintiff's request to proceed *in forma pauperis* ("IFP"). The Complaint is dismissed with leave to replead within thirty (30) days.

**BACKGROUND**

Plaintiff is detained at Creedmoor, a psychiatric hospital run by the New York State Office of Mental Health. Plaintiff alleges that "[o]n or about November 5th, 2021," he requested access to the law library and was informed that Creedmoor does not have a law library. (Compl., Dkt. 2, at ECF[1] 5, 9.) Plaintiff further alleges that "[n]ot having access to a law-library prevents [him] from conducting legal-research, obtaining legal materials and other privileges." (*Id.* at ECF 5.)

---

[1] Citations to "ECF" refer to the pagination generated by the Court's CM/ECF docketing system and not the document's internal pagination.

1

Plaintiff further alleges that he was not able to conduct legal research to "file a petition in the New York State Court of Claims for an iPod that was stolen." (*Id.* at ECF 6.) Plaintiff alleges that this caused him "[m]ental anguish" and "stress related high blood pressure." (*Id.*) He seeks damages and injunctive relief. (*Id.*)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In addressing the sufficiency of a complaint, a court "accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [it is] not required to credit conclusory allegations or legal conclusions couched as factual allegations." *Hamilton v. Westchester County*, 3 F.4th 86, 90–91 (2d Cir. 2021) (citation omitted).

Courts "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017). "[A] *pro se* complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015).

## DISCUSSION

The Complaint alleges that Defendants deprived Plaintiff of his constitutional right to access the courts, pursuant to 42 U.S.C. § 1983.

2

As a threshold matter, the Eleventh Amendment bars Plaintiff's claim for monetary damages because Defendants are state agencies. Under the Eleventh Amendment, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI; *see also T.W. v. New York State Bd. of L. Examiners*, 996 F.3d 87, 92 (2d Cir. 2021). Thus, "absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." *Virginia Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 253 (2011). This immunity extends to the State's agencies, such as the Office of Mental Health and Creedmoor. *See In re Charter Oak Assocs.*, 361 F.3d 760, 765 (2d Cir. 2004) ("[The Eleventh Amendment] has been construed . . . to render states and their agencies immune from suits brought by private parties in federal court."); *accord Meyer v. New York Office of Mental Health*, No. 12-CV-6202 (PKC), 2014 WL 1767818, at *3 (E.D.N.Y. May 2, 2014) (dismissing discrimination claims against the Office of Mental Health and Creedmoor based on the Eleventh Amendment). Therefore, the Complaint is dismissed insofar as it "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Nor does the Complaint state a claim for "prospective injunctive relief" under the exception to Eleventh Amendment immunity recognized in *Ex parte Young*, 209 U.S. 123, 133 (1908). *See Gingras v. Think Fin., Inc.*, 922 F.3d 112, 121 (2d Cir. 2019). "[T]o maintain an action for injunctive relief, a plaintiff cannot rely on past injury but must show a likelihood that he will be injured in the future." *Berni v. Barilla S.p.A.*, 964 F.3d 141, 147 (2d Cir. 2020) (quotations and ellipses omitted). Although Plaintiff requests an injunction, he alleges only that "[b]ecause [he] *couldn't* do research for [his claim regarding a stolen iPod], [he] totally *lost* [his] case." (Compl., Dkt. 2, at ECF 6 (emphasis added).) Plaintiff "cannot rely solely on [this] past injur[y] to have

3

standing to pursue" an injunction, "but must establish how [he] will be injured prospectively." *Dorce v. City of New York*, 2 F.4th 82, 95 (2d Cir. 2021) (quotations omitted).

Finally, the constitutional right of access to the courts requires only that inmates "be provided [the tools needed] to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." *Lewis*, 518 U.S. at 355. While "the state's affirmative obligation to provide resources (such as a prison law library or legal assistance program) and thereby incur expenses" extends to these limited circumstances, *Montanez v. Cuoco*, 361 F. App'x 291, 293 (2d Cir. 2010) (summary order), it "does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims," *Lewis*, 518 U.S. at 355. The Complaint here does not allege how a stolen iPod relates to Plaintiff's conditions of confinement at Creedmoor. (Compl., Dkt. 2, at ECF 5–6.) The Complaint therefore must be dismissed insofar as it seeks injunctive relief based on the restriction of Plaintiff's ability to pursue legal claims regarding a stolen iPod.

## CONCLUSION

For the reasons above, the Complaint, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court grants Plaintiff leave to file an amended complaint within thirty (30) days of this Memorandum and Order. Plaintiff is advised that the amended complaint will completely replace the original complaint, must be captioned "Amended Complaint," and shall bear the same docket number as this Memorandum and Order. All further proceedings shall be stayed for thirty (30) days or until Plaintiff files an amended complaint, whichever is earlier. If Plaintiff fails to file an amended complaint within the time allowed or fails to show good cause why he cannot, the Court shall direct the Clerk of Court to enter judgment and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: January 4, 2022
      Brooklyn, New York