UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------x
LAMAR HARVEY,

                             Plaintiff,

                                                          **MEMORANDUM & ORDER**
          - against -                                        21-CV-7031 (PKC) (LB)

DARRIN GERSON, Chief of Service,
in his official capacity,

                             Defendant.
--------------------------------------------------------x
PAMELA K. CHEN, United States District Judge:

On December 10, 2021, Plaintiff Lamar Harvey, currently detained at Creedmoor

Psychiatric Center ("Creedmoor") in Queens, New York, filed this *pro se* action against

Creedmoor and the Office of Mental Health, an agency of New York State.[1]   (Complaint

("Compl."), Dkt. 2.)   By Memorandum and Order dated January 4, 2022, the Court granted

Plaintiff's request to proceed *in forma pauperis* ("IFP") and dismissed the Complaint with leave

to replead within thirty (30) days.   (Dkt. 6.)   On February 9, 2022, Plaintiff filed an Amended

Complaint against Darrin Gerson, Chief of Service at Creedmoor.   (Amended Complaint ("Am.

Compl."), Dkt. 9.)   The Court dismisses Plaintiff's Amended Complaint for lack of standing, but

allows Plaintiff a final opportunity to amend his complaint.

## BACKGROUND

In the Amended Complaint, Plaintiff alleges that Defendant Gerson denied his request to

access a law library, and that, "[b]ecause of [Plaintiff's] 330.20 status," the denial of access to a

---

[1] Courts "liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest." *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017).

law library violates his constitutional rights.[2]   (Am. Compl., Dkt. 9, at 4.)   Plaintiff alleges that Defendant's conduct has caused him "mental anguish" and seeks unspecified monetary and injunctive relief.   (*Id.* at 4–5.)

### STANDARD OF REVIEW

Under 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss an IFP action if the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C. § 1915(e)(2)(B). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   In addressing the sufficiency of a complaint, a court "accept[s] as true all factual allegations and draw[s] from them all reasonable inferences; but [it is] not required to credit conclusory allegations or legal conclusions couched as factual allegations."   *Hamilton v. Westchester County*, 3 F.4th 86, 90–91 (2d Cir. 2021) (citation omitted).

"Under Article III of the U.S. Constitution, 'the judicial Power of the United States' extends only to certain 'Cases' and 'Controversies.'"   *Lacewell v. Off. of Comptroller of Currency*, 999 F.3d 130, 141 (2d Cir. 2021) (quoting U.S. Const. art. III, §§ 1–2).   "To satisfy the Constitution's 'case-or-controversy requirement,' a plaintiff in federal court 'must establish that they have standing to sue.'"   *Id.* (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013)). "[A]t the pleading stage, the plaintiff must clearly allege facts demonstrating" standing.   *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016) (quotations and ellipses omitted).

---

[2] New York Criminal Procedure Law 330.20 governs the "[p]rocedure following verdict or plea of not responsible by reason of mental disease or defect."   N.Y. Crim. Proc. Law § 330.20.

**DISCUSSION**

The Amended Complaint alleges, pursuant to 42 U.S.C. § 1983, that Defendant denying

Plaintiff access to a law library deprived Plaintiff of his constitutional right to access the courts.

Section "1983 does not confer any substantive rights, but merely provides a method for vindicating

federal rights elsewhere conferred." *Vill. of Freeport v. Barrella*, 814 F.3d 594, 600 n.8 (2d Cir.

2016) (citation and quotations omitted).  "To state a claim under § 1983, a plaintiff must allege

that defendants violated plaintiff's federal rights while acting under color of state law." *McGugan*

*v. Aldana-Bernier*, 752 F.3d 224, 229 (2d Cir. 2014) (citations omitted).

The constitutional right of access to the courts requires that inmates "be provided the tools

needed to attack their sentences, directly or collaterally, and in order to challenge the conditions

of their confinement." *Lewis v. Casey*, 518 U.S. 343, 355 (1996).  But there is no "abstract,

freestanding right to a law library." *Id.* at 351.  "To establish standing for a claim for denial of

access to the courts, an inmate must show that he suffered an actual injury, such that a

'nonfrivolous' legal challenge to his judgment of conviction or conditions of confinement 'had

been frustrated or was being impeded' by the actions of prison officials." *Rosado v. Maxymillian*,

No. 20-3965-CV, 2022 WL 54181, at *1 (2d Cir. Jan. 6, 2022) (summary order) (quoting *Lewis*,

518 U.S. at 351–53, 355).  That is, "the inmate must demonstrate that the alleged shortcomings in

the library or legal assistance program hindered his efforts to pursue a legal claim." *Bourdon v.*

*Loughren*, 386 F.3d 88, 93 (2d Cir. 2004) (ellipses omitted) (quoting *Lewis*, 518 U.S. at 351)).  For

example, "an inmate may establish standing 'by demonstrating that he has been unable to file a

complaint or has had a complaint dismissed for failure to observe a technicality.'" *Maxymillian*,

2022 WL 54181, at *1 (quoting *Benjamin v. Fraser*, 264 F.3d 175, 184 (2d Cir. 2001)).

Here, Plaintiff alleges only that he needs access to a law library "because of [his] 330.20

status." (Am. Compl., Dkt. 8, at 4.)  He does not allege that "he suffered an actual injury, such

3

that a 'nonfrivolous' legal challenge to his judgment of conviction or conditions of confinement 'had been frustrated or was being impeded' by the actions of prison officials." *Maxymillian*, 2022 WL 54181, at *1 (quoting *Lewis*, 518 U.S. at 351–53, 355).  Thus, Plaintiff lacks standing to pursue a claim for denial of his access to the courts.  The Amended Complaint therefore must be dismissed.

## CONCLUSION

For the reasons above, the Amended Complaint, filed *in forma pauperis*, is dismissed under 28 U.S.C. § 1915(e)(2)(B).  The Court grants Plaintiff a final opportunity to file a second amended complaint, which must be filed within thirty (30) days of this Memorandum and Order.  Plaintiff is advised that the second amended complaint will completely replace the original complaint and amended complaint, must be captioned "Second Amended Complaint," and shall bear the same docket number as this Memorandum and Order.  All further proceedings shall be stayed for thirty (30) days or until Plaintiff files a second amended complaint, whichever is earlier.  If Plaintiff fails to file a second amended complaint within the time allowed or fails to show good cause why he cannot, the Court shall direct the Clerk of Court to enter judgment and close this case.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: February 17, 2022
        Brooklyn, New York

4